# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Petitioner**

**FILED**
**November 15, 2022**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 22-ICA-11      (JCN: 2020016744)**

**SEAN STAPEL,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION

Petitioner Murray American Energy, Inc.[1] appeals the July 6, 2022, order of the Workers' Compensation Office of Judges. Respondent Sean Stapel filed a timely response.[2] Petitioner did not file a reply brief. The issue on appeal is whether the Office of Judges erred in reversing the claim administrator's denial to reopen the claim for additional workers' compensation temporary total disability benefits ("TTD").

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Office of Judges' order granting TTD benefits to respondent is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondent was injured on January 16, 2020. He was dragging a hose when the hose got stuck on something on the ground and he was jerked backwards causing immediate back pain. A lumbar spine CT scan found mild canal stenosis/disc bulge at L4-5, which indicated that respondent's pre-existing back issues had worsened. Respondent was diagnosed with back strain and lumbar disc disease. Respondent's claim was found compensable for strain of muscle, fascia, and tendon of the lower back.

---

[1] For reasons not readily apparent in the appendix record, the parties have substituted "Marshall County Coal Resources, Inc." for the employer that was identified below as "Murray American Energy, Inc." Consistent with the action of the Supreme Court of Appeals of West Virginia in *Delbert v. Murray American Energy, Inc.*, Nos. 20-0537 & 21-0944, 2022 WL 16646484, *1 n.1 (W. Va. Nov. 3, 2022), we use the name of the employer as designated in the order on appeal: Murray American Energy, Inc.

[2] Petitioner is represented by Aimee M. Stern, Esq. Respondent is represented by Christopher J. Wallace, Esq.

1

On January 27, 2020, respondent was granted TTD benefits. On April 7, 2020, respondent was released to return to work and the TTD benefits were discontinued. On May 18, 2020, the claim was closed for TTD benefits. On June 18, 2020, respondent applied to reopen the claim for additional TTD benefits, and additional benefits were granted. On October 22, 2020, respondent returned to work and the TTD benefits were suspended. On November 30, 2020, the claim was closed for TTD.

On December 29, 2020, respondent was removed from work after he had begun feeling increased pain. On January 11, 2021, respondent applied to reopen his claim for temporary total disability benefits. On May 18, 2021, the claim was reopened, and additional temporary total disability benefits were granted. On December 8, 2021, the temporary total disability benefits were suspended due to a report from Dr. Prasadarao Mukkamala stating that respondent had reached maximum medical improvement. Dr. Mukkamala's report also gave a whole person impairment rating of 8%, which was adjusted to 3% due to a prior permanent partial disability ("PPD") award from a previous injury.[3] Prior to Dr. Mukkamala's rating, respondent had not been given a whole person impairment rating for the injury at issue. On December 16, 2021, the claim administrator adopted Dr. Mukkamala's 3% impairment rating and granted respondent a 3% PPD award. On January 18, 2022, this claim was closed. Respondent returned to work, but he was removed from work again on January 26, 2022, due to the exacerbation of his symptoms.

Respondent submitted a physician's report to the claim administrator on January 27, 2022, apparently seeking additional temporary total disability benefits. On February 7, 2022, the claim administrator deemed the physician's report to be an application for reopening of the claim. The claim administrator denied a reopening of the claim due to the fact that it had already been reopened twice. *See* W. Va. Code § 23-4-16(a) (2005) (limiting certain reopenings; statute quoted below).

Respondent protested the claim administrator's February 7, 2022, order. On July 6, 2022, the Office of Judges found that respondent had proven a progression or aggravation of his condition and reversed the claim administrator's order denying petitioner's application for additional temporary total disability benefits. The Office of Judges noted that while the claim had been reopened twice prior to the award of PPD benefits, the limit of two reopenings under West Virginia Code § 23-4-16(a) did not apply until after the permanent partial disability award.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

---

[3] Respondent was granted a 5% permanent impairment rating in 2016 for a separate workplace injury. His total permanent impairment rating now totals 8% with the addition of the 3% permanent impairment rating from this injury.

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;

(2) In excess of the statutory authority or jurisdiction of the Board of Review;

(3) Made upon unlawful procedures;

(4) Affected by other error of law;

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Although this statute specifically references orders of the Board of Review, this Court concludes that the same standard applies to our review of orders issued by the Office of Judges during the period of time when administrative proceedings were being transferred from the Office of Judges to the Board of Review. *See* W. Va. Code § 23-5-8a (2022) (transferring powers and duties of Office of Judges to Board of Review); W. Va. Code § 23-5-12(b) (2021) (specifying this same standard of review when Board of Review heard appeals of Office of Judges' orders).

On appeal, petitioner argues that West Virginia Code § 23-4-16(a) limits the reopening of a temporary total disability claim to no more than two requests after an initial "award of temporary total disability benefits" was issued. West Virginia Code § 23-4-16(a) states, in part:

(a) The power and jurisdiction of the commission, successor to the commission, other private carrier or self-insured employer, whichever is applicable, over each case is continuing and the commission, successor to the commission, other private carrier or self-insured employer, whichever is applicable, may, in accordance with the provisions of this section and after due notice to the employer, make modifications or changes with respect to former findings or orders that are justified. Upon and after the second day of February, one thousand nine hundred ninety-five, the period in which a claimant may request a modification, change or reopening of a prior award that was entered either prior to or after that date shall be determined by the following subdivisions of this subsection. Any request that is made beyond that period shall be refused.

(1) Except as provided in section twenty-two of this article, in any claim which was closed without the entry of an order regarding the degree, if any,

of permanent disability that a claimant has suffered, or in any case in which no award has been made, any request must be made within five years of the closure. During that time period, only two requests may be filed.

(2) Except as stated below, in any claim in which an award of permanent disability was made, any request must be made within five years of the date of the initial award. During that time period, only two requests may be filed. With regard to those occupational diseases, including occupational pneumoconiosis, which are medically recognized as progressive in nature, if any such request is granted by the commission, successor to the commission, other private carrier or self-insured employer, whichever is applicable, a new five-year period begins upon the date of the subsequent award. With the advice of the health care advisory panel, the executive director and the board of managers shall by rule designate those progressive diseases which are customarily the subject of claims.

Petitioner contends that the Supreme Court of Appeals of West Virginia's holding in *Goode v. West Virginia Office of Insurance Commissioner,* No. 14-0786, 2016 WL 440025, (W. Va. Feb. 4, 2016) (memorandum decision), limits case reopenings for TTD benefits to two.

Upon our review, we find no error in the Office of Judges' finding that the two-request limit did not apply until after respondent was granted a PPD award. Contrary to petitioner's claims, the *Goode* case can be distinguished from the instant case. *Goode* concerned whether an injured worker could receive another PPD evaluation and TTD benefits after a new condition was added to the claim more than five years after the initial permanent total disability award was issued. The case did not address the number of reopenings allowed.

West Virginia Code § 23-4-16(a)(2) applies here because respondent received a permanent partial disability award for this injury. This provision states, "in any claim in which an **award of permanent disability** was made, any request must be made within five years of the date of the **initial award**. During that time period, only two requests may be filed." *Id.* (emphasis added.) As the Office of Judges stated, "[i]n this case, the award of permanent partial disability was made on December 16, 2021, and this [January 27, 2022] request to reopen the claim for temporary total disability benefit[s] (sic) constitutes the first reopening . . . pursuant to the terms of that statute if such even applies to reopenings for temporary total disability benefits."

The Office of Judges correctly found that West Virginia Code § 23-4-16(a) does not prohibit this reopening of respondent's claim. Accordingly, we affirm.

Affirmed.

**ISSUED:** November 15, 2022

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen